IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) CR 04-0621-PHX-DGC |
| Plaintiff-Respondent | ) CV 05-2527-PHX-DGC (ECV) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Francisco Jesus Alvarez-Espinoza, | ) |
| Defendant-Movant. | ) |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Francisco Jesus Alvarez-Espinoza ("Movant"), has filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Doc. #24.  On June 9, 2004, Movant pleaded guilty to Count 1 of the Information, Reentry After Deportation, in violation of 8 U.S.C. § 1326(a) and § 1326(b)(2).  Doc. #16, #27.  On August 23, 2004, Movant was sentenced to the custody of the Bureau of Prisons for 27 months followed by supervised release for three years.  Doc. #15.  Movant filed a Writ of Error Audita Querela on May 18, 2005, which the District Court dismissed on June 1, 2005. Doc. #17, #19.  Movant filed his motion to vacate August 22, 2005.  Doc. #24.  The District Court screened the motion in an order filed on June 26, 2006 and ordered service of process upon Respondent.  Doc. #25.

1    Movant alleges four grounds for relief in his motion.  First, he alleges that he had a

2  right to international travel.  Second, Movant alleges that he was entitled to a "heartland"

3  downward departure based on a totality of the circumstances.  Third, Movant alleges that he

4  was denied effective assistance of counsel.  Fourth, Movant alleges that his identity was not

5  sufficiently established for the prior felony conviction to which he admitted.  On August 21,

6  2006, Respondent filed a Response in Opposition to Motion to Vacate, Set Aside, or Correct

7  Sentence Pursuant to 28 U.S.C. § 2255.  Doc. #30.  Movant has not filed a reply.

8                              **DISCUSSION**

9    The government argues in its response that Movant's request to vacate, set aside or

10  correct the sentence is foreclosed by the plea agreement in which he waives the right to bring

11  such an action.  In addition, the government addresses the merits of Movant's ineffective

12  assistance and insufficient identity claims.  Movant has presented nothing to challenge the

13  waiver in his plea agreement.

14  **A.    Waiver**

15    Plea agreements are contractual in nature and their plain language will generally be

16  enforced if the agreement is clear and unambiguous on its face.  United States v. Jeronimo,

17  398 F.3d 1149, 1153 (9th Cir. 2005), cert. denied, 126 S.Ct. 198 (2005).  A waiver of

18  appellate rights is enforceable if the language of the waiver encompasses the right to appeal

19  on the grounds raised and the waiver is knowingly and voluntarily made.  Id.  In addition to

20  a waiver of direct appeal rights, a defendant may waive the statutory right to bring a § 2255

21  action challenging the length of his sentence.  United States v. Pruitt, 32 F.3d 431, 433 (9th

22  Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992), cert. denied sub

23  nom. Abarca-Espinoza v. United States, 508 U.S. 979 (1993).  A waiver of the right to bring

24  a § 2255 action likely would not include a claim that the waiver itself was involuntary or that

25  ineffective assistance of counsel rendered the plea involuntary.  See Pruitt, 32 F.3d at 433

26  (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously

27  induced a defendant to plead guilty or accept a particular part of the plea bargain).

28    Here, Movant's express waiver in his plea agreement stated in relevant part:

> The defendant further waives: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.

Doc. #30, Exh. A. Movant testified during the change of plea proceedings that he understood his plea agreement, that it reflected all the promises made to him and that he agreed with everything in it. Doc. #27 at 16-17.  More specifically, Movant stated that he understood and agreed to the provision that prohibited him from appealing or collaterally attacking the judgment and sentence. Doc. #27 at 26.  Movant stated that he understood and agreed that he could not in the future attack the validity or correctness of the conviction or sentence. Id. When asked if he was pleading guilty voluntarily, Movant answered "yes." Id.  Movant signed the plea agreement indicating that he agreed to all of its terms and conditions.  Doc. #30, Exh. A at 6-8.

The allegations in grounds one, two and four of Movant's § 2255 motion to vacate do not pertain to the voluntariness of the plea agreement or the waiver.  As a condition of his plea agreement, Movant expressly waived his right to raise these issues by way of a direct appeal or collateral attack and his guilty plea was accepted as knowingly, intelligently and voluntarily made.  Consequently, the court finds that Movant waived the claims in grounds one, two and four of his § 2255 motion and recommends that they be denied.

**B.     Ineffective Assistance of Counsel**

The two-prong test for establishing ineffective assistance of counsel was set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88.  There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 689-90.  The Strickland test also applies to challenges to guilty pleas

1   based on ineffective assistance of counsel.  Hill v. Lockhart, 474 U.S. 52, 58 (1985).  A

2   defendant who pleads guilty based on the advice of counsel may attack the voluntary and

3   intelligent character of the guilty plea by showing that the advice he received from counsel

4   fell below the level of competence demanded of attorneys in criminal cases.  Id. at 56.  To

5   satisfy the second prong of the Strickland test, "the defendant must show that there is a

6   reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

7   would have insisted on going to trial."  Id. at 59.

8          Movant claims in ground three that his attorney provided ineffective assistance of

9   counsel, though the factual allegations in support of his claim are not very clear.  Movant

10  appears to allege that his prior conviction should have been decided by a jury before it could

11  be used to enhance his sentence and that his lawyer failed to raise this issue.  Doc. #24 at 5.

12  Thus, Movant is apparently claiming that his attorney failed to raise a violation of Blakely

13  v. Washington, 542 U.S. 296 (2004).

14         Movant's claim is without merit.  In Blakely, the Supreme Court expanded on the rule

15  announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000):  "Other than the fact of a

16  prior conviction, any fact that increases the penalty for a crime beyond the statutory

17  maximum must be submitted to a jury and proved beyond a reasonable doubt."  The Court

18  explained in Blakely that "the 'statutory maximum' for Apprendi purposes is the maximum

19  sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or*

20  *admitted by the defendant*."  Blakely, 124 S.Ct at 2537 (citations omitted) (emphasis in

21  original).  Thus, a judge may not impose a sentence in excess of what the jury's factual

22  findings or the defendant's own admissions allow.  See id.

23         Movant admitted in his plea agreement that he was convicted of marijuana smuggling,

24  a felony, on November 20, 1992, for which he was sentenced to seven years in prison.  Doc.

25  #30, Exh. B at 28-29.  Because Movant admitted his prior conviction, the District Court

26  could use the prior conviction as a basis to enhance the sentence.  Additionally, prior

27  convictions are an exception to the rule announced in Apprendi and expanded in Blakely.

28  Thus, even if Movant had not admitted his prior conviction, the District Court had the

1  authority to make the finding that Movant had a prior conviction and use it to enhance the

2  sentence.  Accordingly, there was no <u>Blakely</u> violation here and the lawyer did not perform

3  deficiently by failing to raise the issue.

4     To the extent Movant is alleging that his lawyer misadvised him about the impact of

5  admitting to the prior conviction, Movant's claim must also fail.  Movant's plea agreement

6  contains three different sentencing ranges that the parties agreed to depending on the criminal

7  history score.  Doc. #30, Exh. A at 2-4.  As the court explained during the change of plea

8  proceeding, the maximum guideline range under the plea agreement provided for a sentence

9  of up to 63 months in prison.  Doc. #30, Exh. B at 21.  The court told Movant that depending

10  on his criminal history score he could be sentenced up to that amount of time in prison and

11  Movant stated that he understood.  <u>Id.</u>  Movant received a sentence of 27 months in prison,

12  far less than the maximum allowed under the plea agreement.

13     Movant fails to specifically explain how his attorney misadvised him about his

14  sentence.  Regardless, Movant cannot establish prejudice because the sentence he received

15  was well within the range provided in the plea agreement and agreed to during the change

16  of plea hearing.

17     Finally, attached to his motion to vacate, Movant provides a legal memorandum

18  containing legal argument and case citations to ineffective assistance of counsel cases.  The

19  memorandum appears to be nothing more than a hodgepodge of cases with no apparent

20  relationship to this case.  The memorandum provides no support for Movant's ineffective

21  assistance of counsel claim.  For these reasons, the court will recommend that Movant's

22  allegations in ground three of his motion to vacate be denied.

23  ///

24  ///

25  **IT IS THEREFORE RECOMMENDED:**

26     That the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal

27  Custody pursuant to 28 U.S.C. § 2255 (Doc. #24) be **DENIED**;

28

1      This recommendation is not an order that is immediately appealable to the Ninth

2  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

3  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

4  parties shall have ten days from the date of service of a copy of this recommendation within

5  which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.

6  Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a

7  response to the objections.  Failure to timely file objections to the Magistrate Judge's Report

8  and Recommendation may result in the acceptance of the Report and Recommendation by

9  the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,

10  1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the

11  Magistrate Judge will be considered a waiver of a party's right to appellate review of the

12  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's

13  recommendation.  See Fed. R. Civ. P. 72.

14      DATED this 13th day of October, 2006.

15

16

17

18

19

20

21

22                                      Edward C. Voss
                                 United States Magistrate Judge
23

24

25

26

27

28